# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MARK DEWAYNE DUNLAP, )<br>)<br>Defendant. ) | Criminal Action<br>No. 04-03070-01-CR-S-RED |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. This matter comes before the Court on Defendant's Motion to Dismiss Indictment on the grounds that 18 U.S.C. § 2251(a) and 2252A(a)(5) are unconstitutional as applied. He asserts that Congress exceeded its powers under the Commerce Clause when it made the simple intra-state production and possession of alleged child pornography a federal offense, even when the alleged images were not mailed, shipped, or transported in interstate commerce, and there is no allegation that the images were intended for any kind of interstate distribution or economic activity.

Defendant acknowledges that the Eighth Circuit has spoken on this issue. It is his position, however, that because there is a split in authority and because he believes that the reasoning of the courts that have held prosecutions for possession of homemade child pornography unconstitutional as exceeding congressional power is the more reasoned authority, his motion to dismiss should be granted.

1

Defendant has been charged in the Superseding Indictment in Count One with producing child pornography in violation of 18 U.S.C. § 2251(a) and (d). It is alleged that he produced visual depictions of a minor engaged in sexually explicit conduct, which were produced using materials that had been mailed, shipped, or transported in interstate commerce. In Count Two, he is charged with possessing child pornographic images using materials that had been mailed, shipped, and transported in interstate commerce, in violation of §§ 2252(A)(a)(5) and (b)(2).

In reliance on cases from the Eleventh, Sixth, and Ninth Circuit Courts of Appeal, defendant contends that all of these cases declared that §§ 2252A(a)(5)(b), 2252(a)(4)(b), and 2251(a) were unconstitutional when applied to homemade child pornography, as exceeding congressional power under the Commerce Clause.

The government contends that §§ 2251 and 2252A contain an interstate nexus requirement, that is, the child pornography must have traveled in interstate commerce or the materials used to produce the child pornography must include those that traveled in interstate commerce. The government relies on Eighth Circuit law upholding the jurisdictional basis of federal child pornography statutes. E.g., United States v. Bausch, 140 F.3d 739, 741 (8th Cir. 1998); United States v. Hoggard, 254 F.3d 744, 746 (8th Cir. 2001); United States v. Hampton, 260 F.3d 832, 834-35 (8th Cir. 2001); United States v. Mugan, 394 F.3d 1016, 1024 (8th Cir. 2005). It is asserted that in this case, it expects the evidence to be that defendant produced child pornography involving materials that were manufactured outside the state of Missouri, including a camera and film. In Hoggard and Hampton, the Eighth Circuit accepted similar facts as providing a jurisdictional basis. Hoggard, 254 F.3d at 746; Hampton, 260 F.3d at 834-35. Evidence regarding the possession charge, it is contended, will involve the possession of child pornography using materials that traveled in

interstate commerce, as was the case in Mugan. 304 F.3d at 1023-24.

In Bausch, the Eighth Circuit held that § 2252(a)(4)(B), a section very similar to § 2252A(a)(5)(B), was not facially unconstitutional, and that it contained "an express jurisdictional element requiring the transport in interstate or foreign commerce of the visual depictions or the materials used to produce them." 140 F.3d at 741. In Hoggard, the Eighth Circuit rejected a constitutional challenge comparable to defendant's, holding that § 2251 involves "an express jurisdictional element requiring the government to prove, in each case, a concrete connection with interstate commerce." 254 F.3d. At 746. In Hampton, the Court held that "Bausch continues to control the constitutionality of federal criminalization of child pornography produced with materials that have traveled in interstate commerce. . . ." 260 F.3d at 834-35. Finally, in Mugan, the Court, in rejecting defendant's constitutional challenge, affirmed that "[t]hese circuit precedents are controlling here." 394 F.3d at 1022, 1024.

Upon review of the arguments set forth and applicable case law, the Court agrees with the government's contention that defendant's motion to dismiss the Superseding Indictment should be denied. Despite defendant's arguments for a different result, the Eighth Circuit has found that where materials that have traveled in interstate commerce are used to produce or possess child pornography, there is a sufficient interstate connection to survive a constitutional challenge. Based on controlling precedent from the Eighth Circuit, and the government's representations regarding what it expects the evidence to be, the Court finds that the motion to dismiss the Superseding Indictment is without merit and should be denied.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

3

RECOMMENDED that Defendant's Motion to Dismiss the Superseding should be denied.

        /s/ James C. England
        JAMES C. ENGLAND
        United States Magistrate

Date: 7/1/05