**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 04-03070-01-CR-S-RED |
| | ) | |
| **MARK DEWAYNE DUNLAP,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

NOW before the Court is the Report and Recommendation (Doc. 39) of the Honorable Judge James C. England, recommending that the Motion to Dismiss Indictment (Doc. 33) filed by Defendant be denied. Defendant has filed his exceptions to the Report and Recommendations (Doc. 41).

Defendant's Motion to Dismiss seeks to dismiss the two-count indictment against him on the grounds it is unconstitutional as applied. Count One of the Indictment charges that Defendant

> [D]id employ, use, persuade, induce, and coerce a minor female to engage in sexually explicit conduct, for the purpose of producing a visual depiction of such conduct; and said visual depiction was produced using materials that had been mailed, shipped, and transported in intestate and foreign commerce[.]

Count Two of the Indictment charges that Defendant

> [K]nowingly possessed materials containing child pornography, that is, photographs, as defined in title 18, United States Code, Section 2256(8)(A) &(C), that were produced using materials which had been mailed, shipped, and transported in interstate commerce[.]

-1-

Defendant asserts that Congress exceeded its powers under the Commerce Clause of the United States Constitution as applied to the facts of this case, because it made the intra-state production and possession of alleged child pornography a federal offense, even though the images themselves were not mailed, shipped or otherwise transported in interstate or foreign commerce, nor was the alleged child pornography intended for any kind of interstate distribution or economic activity.

The government contends that Eighth Circuit law, binding on this Court, is clear that federal criminalization of child pornography produced with materials that have traveled in interstate commerce is constitutionally permissible. *See United States v. Bausch*, 140 F.3d 739, 741 (8th Cir. 1998) (finding the use of a Japanese camera to take photographs of child pornography affected interstate commerce); *United States v. Hoggard*, 254 F.3d 744, 746 (8th Cir. 2001) (holding the use of a camera and film made out-of-state to meet the jurisdictional nexus is constitutional); *United States v. Hampton*, 260 F.3d 832, 834-85 (8th Cir. 2001) (finding the use of videotapes made in another state to record child pornography was a sufficient interstate connection); and *United States v. Mugan*, 394 F.3d 1016, 1024 (8th Cir. 2005) (rejecting a Commerce Clause challenge to the production and possession of child pornography when the digital camera and memory card used to produce the pornography were shipped in interstate commerce). The Government also states that the evidence in the case is expected to be that Defendant used materials, including camera and film, which were manufactured outside of the state of Missouri to produce child pornography.

Although the Court is aware, as stated by Defendant, that there is a split among the circuits on this issue, the Eighth Circuit law is clearly established. The Government states, and the Defendant does not object, that the evidence in this case will be similar to that in the cases cited

above. As such, the Eighth Circuit law is controlling and the Report and Recommendations by the Magistrate Judge recommending that Defendant's Motion to Dismiss the Indictment are due to be adopted.

Upon a *de novo* review of the Motions, *see* 28 U.S.C. § 636(b), it is hereby ordered that the Report and Recommendation of the Honorable James C. England (Doc. 39) is **ADOPTED** in full. Defendant's Exceptions to the Report and Recommendation of United States Magistrate Judge (Doc. 41) are hereby **OVERRULED**. The Motion to Dismiss Indictment (Doc. 33) is hereby **DENIED**.

**IT IS SO ORDERED.**

DATE: August 5, 2005         */s/ Richard E. Dorr*
                             RICHARD E. DORR, JUDGE
                             UNITED STATES DISTRICT COURT